MARSTILLER, J.
James Harold Stewart (“Claimant”) appeals a final order of the Judge of Compensation Claims (“JCC”) denying com-pensability of injuries he sustained in a motorcycle accident while driving from his residence to work. Because section 440.092(2), Florida Statutes (2009), provides that an injury suffered while going to or coming from work does not arise out of or occur in the course of employment, and because neither the special errand nor dual purpose exceptions apply, the JCC correctly denied Claimant’s petition for benefits. We therefore affirm.
Claimant is a funeral director whose regular job duties included attending the funeral or memorial service for the deceased if he had been the family’s primary contact, even if the service occurred after regular work hours or on Claimant’s day off. On June 10, 2010, the date of the motorcycle accident, Claimant was scheduled to be off from work, but he had to attend a memorial service for a client that evening. Although the funeral home had staff to load the equipment needed for the service, Claimant, who normally would have gone directly to the service site, chose instead to go to the funeral home to load the equipment himself, with help from an assistant funeral director, before proceeding to the memorial service. On his way to the funeral home, he lost control of his motorcycle, fell, and was injured.
Codifying what is commonly known as the “going and coming” rule, section 440.092(2) provides:
An injury suffered while going to or coming from work is not an injury arising out of and in the course of employment whether or not the employer provided transportation if such means of transportation was available for the exclusive personal use by the employee, unless the employee was engaged in a special errand or mission for the employer.
See generally Alvarez v. Sem-Chi Rice Prod. Corp., 861 So.2d 513, 516 (Fla. 1st DCA 2003). The question here is whether Claimant’s ride to the funeral home falls under the going and coming rule. Claimant acknowledges that under the rule, an injury suffered during travel to or from work is not compensable. He asserts that the rule is inapplicable in his case, however, because on June 10, 2010, he was not regularly scheduled to work, and the purpose of the trip that day was to attend a funeral service, as required by his employer. Consequently, he argues, his ride to the funeral home either constituted a “special errand” or was for a “dual purpose.” See Swartz v. McDonald’s Corp., 788 So.2d 937, 943 (Fla.2001) (holding that “special errand or mission” statutory language encompasses both special errand and dual purpose exceptions to going and coming rule). And under those exceptions to the *1207 going and coming rule, he argues, his injury is compensable.
“The special errand exception includes employees who, at the time of injury, were on a special errand in response to a call from their employers, and is usually characterized by irregularity and suddenness.” Swartz, 788 So.2d at 943. Claimant’s need to attend a client’s memorial service was neither irregular nor sudden. Rather, being present at such services was a regular part of his job responsibilities as a funeral director — a significant part, one could surmise. And the facts do not show that the employer asked Claimant at the last minute to attend the service or to go to the funeral home for some purpose. Thus, the special errand exception does not apply.
Under the dual purpose doctrine, “an injury which occurs as a result of a trip, a concurrent cause of which was a business purpose, is within the course and scope of employment, even if the trip also served a personal purpose, such as going to and coming from work.” Id. The sole purpose of Claimant’s travel at the time of the accident was to go to work; regardless of whether he was required to go to the funeral home before heading to the service that day, he had not yet undertaken any business of the employer at the time of the accident. Because Claimant was simply going to work — travel deemed personal by section 440.092(2) — there was no business purpose to his travel. Thus, the dual purpose exception does not apply. The JCC correctly ruled, pursuant to section 440.092(2), that Claimant’s injuries are not compensable.
AFFIRMED.
WOLF, and PADOVANO, JJ., concur.